IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

LINDA HAGGARD,                          )
                                        )
                    Plaintiff,          )
                                        )
vs.                                     )   Case Number CIV-08-1238-C
                                        )
MICHAEL J. ASTRUE, Commissioner         )
of the Social Security Administration,  )
                                        )
                    Defendant.          )

# MEMORANDUM OPINION AND ORDER

Plaintiff's application for disability benefits was denied by the Social Security Administration. Plaintiff then filed the present action seeking review of the agency's decision. In August of 2009, the Court entered judgment, reversing the final decision of the Commissioner of the Social Security Administration and remanding for further proceedings. In December 2009, the Court granted Plaintiff's application for EAJA fees in the amount of $4,808.20. On remand, the Commissioner found that Plaintiff had been disabled since November of 2005, and awarded past-due benefits.

The continent-fee agreement executed between Plaintiff and his court-level counsel, the Troutman firm ("the firm"), indicated that, if Plaintiff were awarded benefits, he would pay the firm a fee equal to 25% of his past-due benefits. The Commissioner issued notices of the benefits award on July 31, 2010, and August 9, 2010. On December 1, 2010, Plaintiff filed a Fed. R. Civ. P. 60 motion seeking to reopen the Judgment so a timely attorneys' fees application could be filed. The Court granted that motion on December 29, 2010, and the

next day, Plaintiff filed the present motion for attorney's fees pursuant to 42 U.S.C. § 406(b), requesting an award of $7,520.18.

The fee request is governed by 42 U.S.C. § 406(b)(1)(A), which states:

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment . . . .

Courts are entitled to make such an award when they remand for further proceedings, as long as the claimant is ultimately found entitled to past-due benefits. See McGraw v. Barnhart, 450 F.3d 493, 503 (10th Cir. 2006). Where a contingent-fee agreement is in place, district courts must examine the reasonableness of its terms and reduce an award as appropriate "based on the character of the representation and the results the representative achieved." Gisbrecht v. Barnhart, 535 U.S. 789, 808 (2002). Whenever fees are awarded under both § 406(b) and the EAJA, "the claimant's attorney must 'refun[d] to the claimant the amount of the smaller fee.'" Id. at 796 (citation omitted).

> If the amount withheld by the Commissioner is insufficient to satisfy the amount of fees determined reasonable by the court, the attorney must look to the claimant, not the past-due benefits, to recover the difference. At that point, the attorney stands on the same level as other judgment creditors in attempting to collect.

Wrenn v. Astrue, 525 F.3d 931, 933 (10th Cir. 2008).

Here, Plaintiff's counsel seeks a fee award in the amount of $7,520.18 for 28.6 hours of attorney and paralegal time. Plaintiff's counsel explains that this amount reflects a reduction in the fee from the statutorily allowed 25% to accommodate the amount paid to

Plaintiff's agency representative. The Court finds this to be a reasonable fee for the work performed. There is no indication that the firm was responsible for any sort of delay in the proceedings. Further, the benefits awarded to Plaintiff justified the amount of time spent by the firm in handling the case. Additionally, there is nothing to suggest that the character of the representation or the results achieved were in any way deficient. Because the firm has already received an award under the EAJA, Plaintiff is entitled to a refund of the smaller fee, which in this case would be the $4,808.20 awarded in EAJA fees.

Accordingly, Plaintiff's Motion for Attorney Fees (Dkt. No. 25) is GRANTED. Plaintiff's attorney is awarded a fee in the amount of $7,520.18 pursuant to 42 U.S.C. § 406(b). This amount shall be paid to the firm of Troutman & Troutman, P.C., in the name of Steve A. Troutman. Because Plaintiff was previously awarded fees under the EAJA, he is entitled to a refund of the smaller EAJA award.

IT IS SO ORDERED this 14th day of January, 2011.

ROBIN J. CAUTHRON
United States District Judge